**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **PATRICIA RIVERA**, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**MUTUAL HOUSING ASSOCIATION OF SOUTHWESTERN CONNECTICUT, INC.** d/b/a **CONNECTICUT HOUSING PARTNERS** and **CREATIVE FINANCIAL STAFFING, INC.**,<br><br>Defendants. | Civil Case No.: |

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff Patricia Rivera, individually and on behalf of all others similarly situated, by and through her attorneys, The Sorokin Law Firm and Brown, LLC, hereby brings this Collective and Class Action Complaint against Defendants Mutual Housing Association of Southwestern Connecticut, Inc. d/b/a Connecticut Housing Partners and Creative Financial Staffing, Inc., alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1. Plaintiff brings this action for herself and all other similarly situated collective members to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq.*

2. Plaintiff also brings this action for himself and on behalf of all other similarly situated Rule 23 class members to recover double damages for unpaid wages including overtime,

pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58, *et seq*.

3.  Defendant Mutual Housing Association of Southwestern Connecticut, Inc. was sent a pre-suit demand letter but refused to resolve this matter without judicial intervention.

4.  Defendant Mutual Housing Association of Southwestern Connecticut, Inc. operates affordable housing for approximately "508 units in 15 developments" in the areas such as Bridgepoint, Fairfield, Trumbull, Norwalk, Stamford and Wilton in the State of Connecticut.[1]

5.  Defendants Mutual Housing Association of Southwestern Connecticut, Inc. and Creative Financial Staffing, Inc. jointly employed hourly-paid Recertification Specialists to work over forty (40) hours per week without paying them wages for all hours worked including overtime.

6.  Defendant Mutual Housing Association of Southwestern Connecticut, Inc. improperly classified Property Managers as exempt employees and paid them a fixed weekly salary without paying them overtime premiums for hours worked in excess of forty (40) per week.

7.  As a result of Defendants' unlawful common polices and practices, the Recertification Specialists and Property Managers were not properly compensated wages including overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week.

8.  Plaintiff asserts the FLSA claims on behalf of the following two (2) putative FLSA collectives:

---

[1] *See* Connecticut Housing Partners's website: https://cthousingpartners.org/about-connecticut-housing-partners/# (last accessed October 30, 2018).

> *All Recertification Specialists jointly employed by Defendants Mutual Housing Association of Southwestern Connecticut, Inc. d/b/a Connecticut Housing Partners and Creative Financial Staffing, Inc., at any time from thee (3) years prior to the filing of this Complaint through the date of judgment.*

> *All Property Managers employed by Defendant Mutual Housing Association of Southwestern Connecticut, Inc. d/b/a Connecticut Housing Partners, at any time from thee (3) years prior to the filing of this Complaint through the date of judgment.*

9. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to the Recertification Specialists and Property Managers permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

10. Plaintiff asserts the CMWA claims on behalf of the following two (2) putative classes pursuant to Fed. R. Civ. P. 23:

> *All Recertification Specialists jointly employed by Defendants Mutual Housing Association of Southwestern Connecticut, Inc. d/b/a Connecticut Housing Partners and Creative Financial Staffing, Inc., at any time from two (2) years prior to the filing of this Complaint through the date of judgment.*

> *All Property Managers employed by Defendant Mutual Housing Association of Southwestern Connecticut, Inc. d/b/a Connecticut Housing Partners, at any time from two (2) years prior to the filing of this Complaint through the date of judgment.*

11. Defendants have willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

13. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

14. The Court has personal jurisdiction over Defendants because they engaged in systematic and continuous contacts with the State of Connecticut by, *inter alia*, employing individuals to work out of Connecticut, including Plaintiff, and Plaintiff's claims arise out of those contacts.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants employed Plaintiff in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

16. Defendant Mutual Housing Association of Southwestern Connecticut, Inc. d/b/a Connecticut Housing Partners ("MHA") is an entity created and existing under and by virtue of the laws of the State of Connecticut.

17. According to the Connecticut Secretary of State website, MHA maintains a principal place of business at 434 Maplewood Avenue, Bridgeport, CT 06605 and has the following designated agent: Renee Dobos at 434 Maplewood Avenue, Bridgeport, CT 06605 and 33 Lanes Pond Road, Northford, CT 06472.

18. Defendant Creative Financial Staffing, Inc. ("CFS") is an entity created and existing under and by virtue of the laws of the State of Delaware.

19. According to the Connecticut Secretary of State website, CFS maintains a principal place of business at One International Place, 16th Floor, Boston, MA 02110 and has the following designated agent: Secretary of the State at 30 Trinity Street, Hartford, CT 06106-0470.

20. Plaintiff Patricia Rivera ("Rivera") is a resident of the County of Fairfield and

4

State of Connecticut.

21. Rivera was employed by Defendants MHA and CFS as an hourly-paid Recertification Specialist from approximately March 15, 2017 through September 15, 2017, during which her base rate of pay was $17 an hour.

22. Rivera was employed by Defendant MHA as a salaried Property Manager from approximately September 16, 2017 to August 4, 2018, during which she received a fixed weekly salary of $961.54 regardless of how many hours she worked in a workweek.

23. Throughout Rivera's employment with Defendants, she worked at MHA's 80 Spruce Street, Stamford, CT 06902 location.

24. Rivera's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

25. Defendants has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

26. Defendants have generated over $500,000 in revenue per year.

27. Defendants have had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

28. Defendants have engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

29. Defendants MHA and CFS were the "employers" of Plaintiff and other similarly situated Recertification Specialists within the meaning of 29 U.S.C. § 203(d) of the FLSA and Conn. Gen. Stat. § 31-71a (1) of the CMWA.

30. Plaintiff and other similarly situated Recertification Specialists were the

"employees" of Defendants MHA and CFS within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA and Conn. Gen. Stat. § 31-71a (2) of the CMWA.

31. Defendant MHA was the "employer" of Plaintiff and other similarly Property Managers within the meaning of 29 U.S.C. § 203(d) of the FLSA and Conn. Gen. Stat. § 31-71a (1) of the CMWA.

32. Plaintiff and other similarly situated Property Managers were the "employees" of Defendant MHA within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA and Conn. Gen. Stat. § 31-71a (2) of the CMWA.

33. Defendants MHA and CFS, directly or indirectly, hired Plaintiff and other similarly situated Recertification Specialists and determined the rate and method of the payment of their wages.

34. Defendants MHA, directly or indirectly, hired Plaintiff and other similarly situated Property Managers and determined the rate and method of the payment of their wages.

35. Defendants controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of Plaintiff and other similarly situated Recertification Specialists and Property Managers.

36. Defendants MHA and CFS implemented an unlawful common policy of requiring Recertification Specialists including Plaintiff to work over forty (40) hours per week without paying them overtime wages.

37. The Recertification Specialists including Plaintiff performed primary job duties that do not fall within any exemptions from overtime under the FLSA and CMWA.

38. The position of Recertification Specialist has been classified as non-exempt.

39. While employed as a Recertification Specialist, Plaintiff had a 5-day work

6

schedule, Monday to Friday, from 10 a.m. to 6:30 pm, including a 30-minute unpaid meal break.

40. While employed as a Recertification Specialist, Plaintiff was regularly required by management to work extra hours outside of her 8-hour work shift and during meal breaks.

41. While employed as a Recertification Specialist, Plaintiff regularly worked over forty (40) hours per week.

42. However, Plaintiff was only allowed to fill out the timesheet within her scheduled work time, not her actual work time.

43. For instance, when Plaintiff filled out her actual work time over forty (40) hours a week, she was told it was not approved for submission and she had to re-fill out the timesheet for no more than forty (40) hours before it could be submitted to generate her payroll.

44. Defendants and their management had knowledge that Plaintiff worked outside of her 8-hour work shift, they nevertheless prevented Plaintiff from reporting overtime and refused to pay her the rightfully earned overtime wages.

45. As a result of Defendants' unlawful common policies and practices, the Recertification Specialists were not properly compensated wages including overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week.

46. Defendant MHA improperly classified Property Manager as exempt employees.

47. The Property Managers including Plaintiff performed primary job duties that do not fall within any exemptions from overtime under the FLSA and CMWA.

48. The Property Managers regularly worked over forty (40) hours in a workweek.

49. Defendant MHA paid the Property Managers a fixed weekly salary regardless of how many hours they worked per week.

50. While employed as a Property Manager, Plaintiff regularly worked five (5) days a week, Monday to Friday, and occasionally also on the weekend.

51. While employed as a Property Manager, Plaintiff was also on call 24/7 to answer and respond to emergency calls.

52. While employed as a Property Manager, Plaintiff regularly worked extra hours outside of her 8-hour work shift (8:30 a.m. to 5 p.m., including a 30-minute unpaid meal break), during meal breaks and on call 24/7.

53. While employed as a Property Manager, Plaintiff regularly worked over forty (40) hours in a workweek without receiving overtime compensation.

54. As a result of Defendant MHA's unlawful common policies and practices, the Property Managers were not properly compensated overtime wages at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week.

55. Plaintiff and other similarly situated Recertification Specialists and Property Managers were subjected to the unlawful common policies and practices of Defendants as stated herein that violated the FLSA and CMWA.

56. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

57. Defendants' violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

**COLLECTIVE ACTION ALLEGATIONS**

58. Plaintiff re-alleges and incorporates all previous paragraphs herein.

59. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid Recertification Specialists including who have been affected by Defendants' common unlawful policies and practices which include failure to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

60. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> *All Recertification Specialists jointly employed by Defendants Mutual Housing Association of Southwestern Connecticut, Inc. d/b/a Connecticut Housing Partners and Creative Financial Staffing, Inc., at any time from thee (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

61. Plaintiff also brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all Property Managers including who have been affected by Defendant MHA's common unlawful policies and practices which include failure to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

62. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> *All Property Managers employed by Defendant Mutual Housing Association of Southwestern Connecticut, Inc. d/b/a Connecticut Housing Partners, at any time from thee (3) years prior to the filing of this Complaint through the date of judgment.*

63. Plaintiff brings this collective action against Defendants to recover unpaid

overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

64. The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

65. Plaintiff seeks to send Notice to the Recertification Specialists and Property Managers permitting them to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

66. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they had the same job positions and performed the same or similar job duties as one another on behalf of Defendants; (b) they were subject to the same or similar unlawful policies and practices as stated herein; and (c) their claims are based upon the same factual and legal theories.

67. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendants' records.

68. Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

69. Plaintiff re-alleges and incorporates all previous paragraphs herein.

70. Plaintiff seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, for and on behalf of all hourly-paid Recertification Specialists who have

been affected by Defendants' common unlawful policies and practices which include failure to pay wages including overtime, in violation of the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58, *et seq*.

71. Plaintiff brings this Rule 23 class action on her own behalf and on behalf of:

> *All Recertification Specialists jointly employed by Defendants Mutual Housing Association of Southwestern Connecticut, Inc. d/b/a Connecticut Housing Partners and Creative Financial Staffing, Inc., at any time from two (2) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

72. Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, for and on behalf all Property Managers who have been affected by Defendants' common unlawful policies and practices which include failure to pay wages including overtime, in violation of the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58, *et seq*.

73. Plaintiff brings this Rule 23 class action on her own behalf and on behalf of:

> *All Property Managers employed by Defendant Mutual Housing Association of Southwestern Connecticut, Inc. d/b/a Connecticut Housing Partners, at any time from two (2) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

74. Plaintiff brings this Rule 23 class action against Defendants to recover double damages for unpaid wages including overtime, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the CMWA.

75. The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. The Rule 23 class members should be easy to identify from Defendants' payroll and personnel records.

11

76. There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

77. Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay wages including overtime. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

78. Plaintiff was employed by Defendants in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay wages including overtime. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

79. Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and her counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

80. Defendants' corporate-wide policies and practices affected all class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and

his counsel know of no unusual difficulties in this case.

81. Plaintiff and the Rule 23 class members demand a trial by jury.

## COUNT I
### (29 U.S.C. § 216(b) Individual Claim)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### Failure to Pay Overtime Wages

82. Plaintiff re-alleges and incorporates all previous paragraphs herein.

83. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

84. Plaintiff regularly worked more than forty (40) hours per workweek.

85. Defendants failed to properly compensate Plaintiff for all hours worked as alleged herein.

86. Defendants failed to pay Plaintiff overtime compensation at a rate not less than one and one-half (1.5) times her regular rate of pay for hours she worked in excess of forty (40) per workweek.

87. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

88. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

89. As a result of Defendants' unlawful common policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be

determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT II
### (29 U.S.C. § 216(b) Collective Action Claim)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### Failure to Pay Overtime Wages

90. Plaintiff re-alleges and incorporates all previous paragraphs herein.

91. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

92. Plaintiff and the FLSA collective members regularly worked more than forty (40) hours per workweek.

93. Defendants failed to properly compensate Plaintiff and the FLSA collective members for all hours worked as alleged herein.

94. Defendants failed to pay Plaintiff and the FLSA collective members overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for hours they worked in excess of forty (40) per workweek.

95. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

96. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

97. As a result of Defendants' unlawful common policies and practices described

above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT III
### (Individual Claim)
### Violation of the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58, *et seq*.
### Failure to Pay Wages including Overtime

98. Plaintiff re-alleges and incorporates all previous paragraphs herein.

99. Plaintiff regularly worked more than forty (40) hours per workweek.

100. Defendants failed to properly compensate Plaintiff for all hours worked as alleged herein.

101. Defendants failed to pay Plaintiff overtime compensation at a rate not less than one and one-half (1.5) times her regular rate of pay for hours she worked in excess of forty (40) per workweek.

102. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

103. As a result of Defendants' unlawful common policies and practices described above, Plaintiff was illegally deprived of wages earned including overtime, in such amounts to be determined at trial, and is entitled to recovery of double damages for such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to the CMWA.

## COUNT IV
### (Fed R. Civ. P. 23 Class Action Claim)
### Violation of the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58, *et seq*.
### Failure to Pay Wages including Overtime

104. Plaintiff re-alleges and incorporates all previous paragraphs herein.

105. Plaintiff and the Rule 23 class members regularly worked more than forty (40) hours per workweek.

106. Defendants failed to properly compensate Plaintiff and the Rule 23 class members for all hours worked as alleged herein.

107. Defendants failed to pay Plaintiff and the Rule 23 class members overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for hours they worked in excess of forty (40) per workweek.

108. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

109. As a result of Defendants' unlawful common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of wages earned including overtime, in such amounts to be determined at trial, and are entitled to recovery of double damages for such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to the CMWA.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendants, and each of them, individually, jointly and severally:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) A declaratory judgment that Defendants' wage practices alleged herein violate the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58, *et seq.*;

(C) An Order for injunctive relief ordering Defendants to comply with the FLSA and PMWA and CMWA and end all of the illegal wage practices alleged herein;

(D) Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E) Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the CMWA claims set forth herein;

(F) Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H) Designating Lead Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I) Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J) Judgment for damages for all unpaid overtime wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K) Judgment for damages for double damages for all unpaid wages, pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58, *et seq*.;

(L) An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(M) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and CMWA;

(N) Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(O) Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: December 7, 2018

**THE SOROKIN LAW FIRM**
**(Local Attorneys)**

By: /s/ *Matthew C. Sorokin*
Matthew C. Sorokin
mat@sorokinlaw.com
9 Lewis Street
Hartford, CT 06103
860-776-6017

**BROWN, LLC**
**(Lead Attorneys)**

Jason T. Brown (will seek *pro hac vice*)
111 Town Square Place, Suite 400
Jersey City, NJ 07310

T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com

*Attorneys for Plaintiff*